IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

STEVEN ROBERT JOHNSON;
ALEX ROBERT HARVEY;
KATHRYN ANN HARVEY,

        Plaintiffs,

    v.

HAF; HUD; ROCKET
MORTGAGE, LLC,

        Defendants.

Civ. No. 6:24-cv-01141-AA

**OPINION & ORDER**

AIKEN, District Judge.

    This case comes before the Court on a Motion to Dismiss and a Motion to Relate Back filed by Defendant Rocket Mortgage LLC ("Rocket"), ECF Nos. 3, 6, and on Plaintiffs' Motion for Dismissal on Basis of Fraud Upon the Court; Fraud Upon the L.R.O. Recorded ASN's Obstruction of Justice, Tampering with Evidence, Violation of Contract Law, ECF No. 8, and Plaintiff's Motion to Move to Judgment, ECF No. 17.   For the reasons set forth below, Defendant's Motions are GRANTED and Plaintiffs' Motions are DENIED.  The Complaint is DISMISSED with leave to amend.

## LEGAL STANDARD

### I. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. The party assuming jurisdiction bears the burden of proving the that the court has subject matter jurisdiction over his or her claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A challenge to Article III standing is appropriately raised pursuant to Rule 12(b)(1). *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

In evaluating a facial attack under Rule 12(b)(1), the court accepts all factual allegations in the complaint as true and determines whether they are sufficient to invoke federal jurisdiction. *Lacano Invs., LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014). The court need not accept legal conclusions as true, even if they are "cast in the form of factual allegations." *Id.* (internal quotation marks and citations omitted).

A Rule 12(b)(1) motion may also attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. *See Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 979-80 (9th Cir. 2007) (court treats motion attacking substance of complaint's jurisdictional allegations as a Rule 12(b)(1) motion); *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) ("[U]nlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency[.]") (internal quotation marks and citation omitted). Additionally, the court may consider evidence outside

the pleadings to resolve factual disputes. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *see also Dreier*, 106 F.3d at 847 (a challenge to the court's subject matter jurisdiction under Rule 12(b)(1) may rely on affidavits or any other evidence properly before the court).

## II.     Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss under the federal pleading standards, a pleading must contain a short and plain statement of the claim and allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a pleading does not require "detailed factual allegations," it needs more than "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 677-78. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*. at 678.  Legal conclusions without any supporting factual allegations do not need to be accepted as true. *Id.*

## BACKGROUND

The Complaint in this case, ECF No. 1-1, is not a model of clarity.  The Complaint and the bulk of Plaintiffs' other filings are made up of pseudo-legal gibberish and are largely incomprehensible.  Nevertheless, the Court has endeavored to sift the factual allegations from Plaintiffs' filings.

Plaintiff Steven Robert Johnson entered into a mortgage loan contract with Quicken Loans, which he used to purchase residential property in Keizer, Oregon. Compl. ¶ 1. Rocket is the current servicer of the loan. *Id.* at ¶ 4.

Plaintiffs allege that Johnson experienced financial hardship and contacted Rocket in September 2022 "for advice of possible forbearance." Compl. ¶ 7. Rocket referred Johnson to HUD, which "connected Plaintiff to Defendant HAF for mortgage assistance." *Id.*[1] Plaintiffs allege that Johnson's application was accepted in October 2022 and that HAF "received a grant of $60,000.00 in Plaintiff's name and began payment to Defendant Rocket through Defendant HUD." *Id.*

Plaintiffs allege that HAF ceased making payments on Johnson's behalf in March 2024. Compl. ¶ 9. Plaintiffs allege that HAF should have paid additional money on Johnson's behalf. *Id.* Rocket refused to accept "payment coupons" that Plaintiffs offered for the loan. *Id.* at ¶ 10. It generally appears that Johnson's mortgage is in default.

## DISCUSSION

Plaintiffs bring claims for (1) breach of contract; (2) "conversion/misappropriation of funds"; and (3) trespass against "American State Nationals." Plaintiffs seek title to the property and an award of tens of millions of dollars. In their briefing, Plaintiffs affirm that they have dismissed all claims against Defendants HAF and HUD. Pl. Mot. ¶ 6 ("[P]laintiffs willingly dismissed defendants

---

[1] HUD and HAF are not defined in the Complaint. The Court infers that HUD is the United States Department of Housing and Urban Development and that HAF is the Homeowner Assistance Fund, which was established pursuant to Section 3206 of the American Rescue Plan Act of 2021.

HAF and HUD after receiving answer to their complaint."). ECF No. 8. The Court accepts that the claims against HAF and HUD have been voluntarily dismissed by Plaintiffs and so the Court need not reach the questions of fraudulent joinder raised by Rocket in its Notice of Removal. ECF No. 1. The claims against Rocket are therefore all that remain in the case.

As a preliminary matter, the Court GRANTS Rocket's Motion for Order to Relate Back Filing of Notice of Removal, ECF No. 3. Rocket opened this federal case and has presented evidence that it paid the filing fee on Friday, July 12, 2024, and filed the appropriate removal documents in Oregon state court on the same day. ECF Nos. 3-1, 3-2. Rocket has represented that technical difficulties interfered with its filing of the documents on CM/ECF until Monday, July 15, 2024. The filing of the Notice of Removal is related back to Rocket's July 12, 2024, filing in Oregon state court.

Plaintiffs' Motion for Dismissal, ECF No. 8, is largely indecipherable. To the extent that it challenges the propriety of Rocket's removal of this action to federal court, removal was proper on the basis of diversity under 28 U.S.C. § 1332(a)(1) as Plaintiffs are residents of Oregon and Rocket is a Delaware corporation with its principal place of business in Michigan. To the extent that it challenges the timing of removal, the motion also fails. Rocket was served with the Complaint on June 13, 2024. As discussed above, technical difficulties prevented Rocket from filing the Notice of Removal on July 12, 2024. However, Rocket had thirty days from the date of service in which to file the Notice of Removal. 28 U.S.C. § 1446(b). Thirty days

from the date of service was July 13, 2024, which was a Saturday. The time for Rocket to file its Notice of Removal therefore "continue[d] to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). The next such day was Monday, July 15, 2024, and Rocket successfully and timely filed its Notice of Removal on that day. Plaintiff's Motion for Dismissal is therefore DENIED.

In its Motion to Dismiss, ECF No. 6, Rocket moves to dismiss on the basis that (1) Plaintiffs Alex Robert Harvey and Kathryn Ann Harvey (the "Harveys") lack standing to bring any claims related to the loan and (2) that all claims should be dismissed for failure to state a claim.

I.   **Standing**

As noted, Rocket moves to dismiss all claims brought by the Harveys based on lack of Article III standing. Article III of the Constitution limits the subject matter jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const. art III, § 2, cl. 1. "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). A plaintiff must show three elements to establish standing. First is "an injury in fact," i.e., "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 560 (internal quotation marks and citations omitted). Second, the injury must be "fairly traceable to the challenged action of the defendant," and not "the result of the independent action of some third party not before the court." *Id.* (internal quotation marks and citations omitted, alterations normalized). Third, "it must be likely, as

opposed to merely speculative, that the injury will redressed by a favorable decision." *Id.* at 561 (internal quotation marks and citation omitted). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.*

In the Complaint, the Harveys do not allege that they are parties to the loan made to Johnson, nor do they allege that they are parties to the contract between Rocket and Johnson.

Rocket has submitted exhibits showing that Johnson is the sole party listed on the mortgage loan note. Def. Mot. Ex. 1. ECF No. 6-1. Johnson is the sole listed borrower on the deed of trust. Def. Mot. Ex. 2. ECF No. 6-2. Johnson is also the sole listed borrower on the VA Guaranteed Loan and Assumption Policy Rider. Def. Mot. Ex. 2, at 21. The Harveys are not parties to the contract between Johnson and Rocket and so lack standing to bring a claim for breach of contract. Nor have the Harveys demonstrated a right to any money disbursed in connection with the mortgage loan and so lack standing to enforce that claim as well. Because the Harveys are not parties to the mortgage loan contract and have no right to any money disbursed in connection with that contract, they lack an injury sufficient to confer standing on them to pursue claims for conversion or breach of contract.

The Court concludes that Alex Robert Harvey and Kathryn Ann Harvey lack standing to maintain their claims for breach of contract and conversion against Rocket. The remaining claim, trespass against American State Nationals, is discussed in the following section.

## II. Failure to State a Claim

As previously discussed, Plaintiffs claims for breach of contract and conversion appear to relate to the release and/or use of funds from the HAF to pay Johnson's mortgage. The claims for breach of contract and conversion appear to allege that Johnson's mortgage loan is past due and that Johnson was or should have been provided with additional funds from HAF to pay the loan.

To state a claim for breach of contract, a plaintiff must allege the existence of a contract, its relevant terms, plaintiff's full performance and lack of breach and defendant's breach resulting in damages to plaintiff. *Slover v. Or. Bd. of Clinical Soc. Workers*, 144 Or. App. 565, 570-71 (1996). Here, the alleged contract appears to be the mortgage loan agreement, which obliges Johnson to make payments on the loan to the servicer, Rocket. As previously noted, the Harveys are not parties to the contract and lack standing to bring a claim for breach against Rocket. With respect to Johnson, Plaintiffs allege that Johnson has failed to make payments on the loan. Compl. at 1. Plaintiffs do not allege that Johnson has made payments once HAF stopped making the payments on Johnson's behalf. Plaintiffs make a vague reference to Rocket refusing "payment coupons" but does not allege that these "coupons" were money in the correct amount of the payment. *Id*. at ¶ 10. Plaintiffs have failed to state a claim for breach of contract.

For conversion under Oregon law, a plaintiff "must establish the intentional exercise of dominion or control over a chattel that so seriously interferes with the right of another to control it that the actor may justly be required to pay the full value

of the chattel." *Mossberg v. Univ. of Ore.*, 240 Or. App. 490, 494 (2011) (internal quotation marks and citation omitted). Here, Plaintiffs appear to allege that HAF funds were somehow misappropriated, although there is no clear allegation that the misappropriation was done by Rocket. The Complaint alleges that "HAF stopped payments in March 2024 with $31,020.00 still in the Plaintiff's account." Compl. ¶ 8. There is no allegation that Rocket ever received those funds or converted them. Rather the Complaint alleges that Rocket declined to accept "payment coupons" from Plaintiffs. *Id.* at ¶ 10. This does not state a claim for conversion. Furthermore, HAF funds are disbursed under Section 3206 of the American Rescue Plan Act ("ARPA"). ARPA does not provide a private right of action. *See Yaritz v. Internal Revenue Service*, Case No. 23-cv-452 (PJS/LIB), 2023 WL 5756462, at *3 (D. Minn. April 26, 2023) ("[F]ederal district courts have interpreted neither the CARES Act, nor the CAA, nor the ARPA as providing for a private right of action." (collecting cases)). More to the point, the Complaint does not allege that Rocket has any control over how HAF funds are administered. Indeed, the Complaint alleges that HAF stopped making payments to Rocket on Johnson's behalf. Compl. ¶ 9.

Plaintiffs' final claim is for "TRESPASS AGAINST American State Nationals RECORDED on the OREGON ASSEMBLY and the LAND RECORDING OFFICE (LRO)." Comp. at 4. This section of the Complaint is entirely incoherent and the Court is unable to decipher any actionable claim being made in this section.

In sum, the Court rules as follows: (1) Alex Robert Harvey and Kathryn Ann Harvey lack standing to maintain a claim for breach of contract or conversion as to

Rocket and so those claims are dismissed; (2) Plaintiffs have failed to state a claim for breach of contract or conversion as to Steven Robert Johnson and so those claims are dismissed; (3) to the extent that Plaintiffs seek to bring a claim based on the allocation of HAF funds, no private right of action exists; and (4) Plaintiffs' claim for trespass fails to state a claim. Rocket's Motion to Dismiss will therefore be GRANTED and the Complaint will be DISMISSED. Plaintiff's Motion for Judgment, ECF No. 17, will therefore be DENIED.

However, because Plaintiffs are *pro se*, they will be afforded an opportunity to amend their complaint. In drafting the amended complaint, Plaintiffs should briefly and clearly allege their specific claims and the facts supporting those claims. If Plaintiffs intend to maintain the Harveys' claims for breach of contract and conversion, they must allege facts showing that they have standing to bring those claims. In addition, Plaintiffs should bear in mind that the Federal Rules of Civil Procedure require that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relied." Fed. R. Civ. P. 8(a)(2). This will provide clarity to the Court and any defendants concerning the nature of the claims being made.

## CONCLUSION

For the reasons set forth above, Defendant Rocket Mortgage LLC's Motion to Relate Back Filing of Notice of Removal, ECF No. 3, is GRANTED. Defendant Rocket Mortgage's Motion to Dismiss for Failure to State a Claim and Lack of Standing, ECF No. 6, is GRANTED. Plaintiffs' Motion for Dismissal on Basis of Fraud Upon the

Court; Fraud Upon the L.R.O. Recorded ASN's Obstruction of Justice, Tampering with Evidence, Violation of Contract Law, ECF No. 8, is DENIED. Plaintiff's Motion to Move to Judgment, ECF No. 17, is DENIED.

The Complaint is DISMISSED. Plaintiffs shall have thirty (30) days in which to file an amended complaint. Plaintiffs are advised that failure to file an amended complaint within the allotted time will result in entry of judgment of dismissal without further notice.

It is so ORDERED and DATED this   5th   day of September 2024.

/s/Ann Aiken
ANN AIKEN
United States District Judge