IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

STEVEN ROBERT JOHNSON;
ALEX ROBERT HARVEY;
KATHRYN ANN HARVEY,

        Plaintiffs,

   v.

HAF; HUD; ROCKET
MORTGAGE, LLC,

        Defendants.

Civ. No. 6:24-cv-01141-AA

**OPINION & ORDER**

AIKEN, District Judge.

    This case comes before the Court on a motion filed by Plaintiffs and captioned "Void Judgement Per Maxim 19: 15 U.S.C. Prim-A-Facie As Per Violated Maxim 23: Failure to Provide Oath of Office When Requested (Doc 20) Plaintiff's Request New, Lawful Judge: Failure to Act Upon Unrebutted Affidavits Of Truth (Doc 19) For Opinion (Doc 23 & 24)." ECF No. 25. The Court construes this filing as a motion for reconsideration and as a motion to recuse. So construed, the Motion is DENIED.

## DISCUSSION

    On September 5, 2024, the Court granted a motion to dismiss filed by Defendant Rocket Mortgage. ECF No. 18. The Court gave Plaintiffs thirty days in which to file an amended complaint. Plaintiff was warned that failure to file an

amended complaint within the allotted time would result in a judgment of dismissal without further notice.

In the following weeks, Plaintiffs filed a series of documents captioned a "Affidavit of Truth 1 Affidavit of Truth 2," ECF No. 19, "Rebuttal to Opinion & Order: Disregard of Executive Level Government Orders," ECF No. 20, and "Plaintiff's Jurisdictional Proof of American State National Status as Living Men and Woman," ECF No. 22. None of these documents constituted an amended pleadings and so, on October 9, 2024, the Court ordered the case dismissed and entered a final judgment of dismissal. ECF Nos. 23, 24.

Plaintiffs' latest filing, ECF No. 25, appears to seek to set aside the judgment and seeks the recusal of this Court. The Court will address the motion to recuse first.

I.   **Motion to Recuse**

Plaintiffs have not identified the statutory authority under which they move for recusal. Two federal statutes govern recusal and disqualification: 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides that a judge shall be disqualified where she has a "personal bias or prejudice either against [a party] or in favor of any adverse party[.]" *See United States v. Heffington*, 952 F.2d 275, 278 (9th Cir. 1991). Under § 144, the party moving for recusal must file a timely and legally sufficient affidavit stating "the facts and the reasons for the belief that bias or prejudice exists" and must include certificate of counsel of record stating that it is made in good faith. 28 U.S.C. § 144. Conclusory allegations are insufficient to support a request for recusal on grounds of bias or prejudice. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d

564, 566 (9th Cir. 1995). Similarly, § 455 provides that federal judges must recuse themselves "in any proceeding in which [their] impartiality might be reasonably questioned," including if they have "a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1); *see Heffington*, 952 F.2d at 278 ("Despite the differences in terminology between these two statutes, we have consistently indicated that the tests for personal bias and prejudice are identical.").

Under § 144, a challenged judge must determine in the first instance whether the affidavit required in the statute is legally sufficient and, if so, must refer the motion to another judge for determination. *See United States v. Montecalvo*, 545 F.2d 684, 685 (9th Cir. 1976). Here, the Court finds that Plaintiffs have not made a legally sufficient affidavit or a proper certification stating that the motion is made in good faith. The motion therefore fails to extent it is brought under § 144.

The motion also fails if considered on its merits. In both §§ 144 and 455, the standard is "whether a reasonable person with the knowledge of all the facts would conclude the judge's impartiality might be questioned." *Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) (internal quotation marks and citations omitted). The standard requires a recusal if a reasonable third-party observer would perceive a "significant risk" that the judge would resolve the case on a basis other than the merits. *Cuevas v. Kelly*, Civil No. 6:18-cv-01973, 2019 WL 2518121, at *1 (D. Or. June 18, 2019). "The reasonable person in this context means a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person." *Clemens v. U.S. Dist. Court of Nevada*, 428 F.3d 1175, 1178 (9th Cir. 2005) (internal

quotation marks and citations omitted). To warrant recusal under § 455, judicial bias must stem from an extrajudicial source and not from conduct or rulings made during the course of proceedings. *$292,888.04 in U.S. Currency*, 54 F.3d at 566.

Here, the motion appear to stem from Plaintiffs' dissatisfaction with the Court's consideration of their various filings, and the Court's finding that the Complaint "and the bulk of Plaintiff's other filings are made up of pseudo-legal gibberish and are largely incomprehensible." Opinion & Order, at 3. ECF No. 18. As noted, however, § 455 requires that the bias stem from an extrajudicial source and a judge's prior adverse ruling alone is an insufficient basis for recusal. *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). The Court concludes that Plaintiffs have not made a sufficient showing to justify recusal under either § 144 or § 455. The motion to recuse is therefore DENIED.

## II.    Motion for Reconsideration

Federal Rule of Civil Procedure 60(b) governs reconsideration of a "final judgment, order, or proceeding" of the district court. That Rule allows a district court to relieve a party from a final judgment, order or proceeding for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ;(3) fraud . . . or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The party making the Rule 60(b) motion bears the burden of proof. *See Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383 (188).

Reconsideration is an "extraordinary remedy, to be used sparingly in the

interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). "Motions for reconsideration are not the proper vehicle for rehashing old arguments and are not intended to give an unhappy litigant one additional chance to sway the judge." *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 670 (D. Nev. 2013) (internal quotation marks and citation omitted, alterations normalized).

Here, Plaintiff objects to the Court's consideration of their "Affidavits of Truth." Plaintiffs object that the Court did not provide them with the Court's oath of office upon demand. Plaintiffs assert that the judgment "must be nullified due to a lack of LEGITIMATE POLITICAL POWER backed by a BOND." Pl. Mot. at 1 (emphasis in original). None of these arguments provide a basis for reconsideration of the Court's prior rulings. The motion for reconsideration is DENIED.

## CONCLUSION

For the reasons set forth above, the filing captioned "Void Judgements Per Maxim 19: 15 U.S.C. Prim-A-Facie As Per Violated Maxim 23: Failure to Provide Oath of Office When Requested (Doc 20) Plaintiff's Request New, Lawful Judge: Failure to Act Upon Unrebutted Affidavits Of Truth (Doc 19) For Opinion (Doc 23 & 24)," ECF No. 25, which the Court construes as a motion for reconsideration and a motion for recusal, is DENIED.

It is so ORDERED and DATED this ___25th___ day of October 2024.

/s/Ann Aiken
ANN AIKEN
United States District Judge